**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-205-M |
| | ) | |
| ROBERT LOUIS STEPHENS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court is defendant's Motion to Dismiss and Challenging Constitutionality of 18

U.S.C. Section 922(g)(1) with Brief in Support [docket no. 26], filed October 8, 2010.  On October

20, 2010, the government filed its response.  Based upon the parties' submissions, the Court makes

its determination.

The Indictment charges defendant with being a felon in possession of a firearm in violation

of 18 U.S.C. § 922(g)(1).  In pertinent part, this statute observes the following:

> (g)  It shall be unlawful for any person—
>
> (1)  who has been convicted in any court of, a crime punishable
> by imprisonment for a term exceeding one year;
> …
> To ship or transport in interstate or foreign commerce, or possess
> in or affecting commerce, any firearm or ammunition; or to
> receive any firearm or ammunition which has been shipped or
> transported in interstate or foreign commerce.

18 U.S.C. §922(g)(1).

In this case, defendant raises three constitutional challenges to the instant statute.  First,

defendant asserts the statute is overly broad in that it sweeps all manner or persons into its purview

simply by having a sentence with length of incarceration in excess of one year, without regard to the

nature of the offense.  Second, defendant contends there is no precedent for the permanent

dispossession of a firearm by virtue of such conviction. Third, defendant argues that the statute must yield to the over expansiveness of the definition of the application of the Commerce Clause.

The Supreme Court observed of a predecessor statute that "Congress could rationally conclude that any felony conviction, even an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm" due to the "nexus between violent crime and the possession of a firearm by any person with a criminal record." *Lewis v. United States*, 445 U.S. 55, 66 (1980). Furthermore, the Supreme Court "has recognized repeatedly that a legislature constitutionally may prohibit a convicted felon from engaging in activities far more fundamental than the possession of a firearm." *Id.* On this basis, the Court finds that the instant statute is not overly broad as to the criminalization of a felon's mere possession of a firearm without regard to the nature of the offense. Given that defendant was convicted in 1996 of using a vehicle to facilitate the intentional discharge of a firearm, *e.g.*, drive by shooting, it appears that defendant is the exact type of felon Congress sought to deny access to firearms. *See id.* ("The legislative history of the gun control laws discloses Congress' worry about the easy availability of firearms, especially to those persons who pose a threat to community peace.").

To the extent that defendant argues that § 922(g)(1) violates the Commerce Clause where the crime's only connection to interstate commerce is the firearm's crossing of state lines, the Court finds this argument lacks merit as it has been explicitly rejected by the Tenth Circuit. *See United State v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009) ("if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied"); *see also United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995) ("922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality

under the Commerce Clause").  Thus, the Court rejects each of defendant's arguments challenging the constitutionality of § 922(g)(1).

Accordingly, the Court denies defendant's motion to dismiss.

**IT IS SO ORDERED this 28th day of October, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE